DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, in which the trial court found that appellant, Zachary N.H., was "delinquent contrary to R.C. 2905.03 of the offense of unlawful restraint." For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal, appellant asserts the following as his sole assignment of error:
 {¶ 3} "1. The adjudication of the child as a delinquent child contrary to R.C. 2905.03 of the offense of unlawful restraint upon the conclusion of the adjudicatory hearing held on March 1, 2002 was against the manifest weight of the evidence."
 {¶ 4} In January, 2002, appellant, a juvenile, was charged with sexual imposition, in violation of R.C. 2907.06(A)(1), and unlawful restraint, in violation of R.C. 2905.03(A). Both of the charged offenses are third degree misdemeanors if committed by an adult.
 {¶ 5} On March 4, 2002, an adjudicatory hearing was held, at which testimony was presented as to both charges. The alleged victim of the offenses, Ashley F., testified at the hearing that, on January 4, 2002, appellant and another male juvenile, John C., approached her in the parking lot of Norwalk Middle School during school hours. Ashley further testified that John C. licked her face, attempted to insert his tongue in her mouth, and tried to open her shirt. Ashley stated that, at some point while John C. was licking her face, appellant came up and "hugged" her from behind, making it more difficult for her to avoid John C.'s advances.
 {¶ 6} Ashley testified that she did not give appellant permission to touch her, she did not want him to touch her, and that, at the time, she thought he was helping John C. Ashley further testified that, as she was walking back into the school building, appellant tripped and fell against her, after which he "grabbed" her and touched her breast.
 {¶ 7} On cross-examination, Ashley testified that she did not ask appellant to release her. However, she further testified that, even if appellant had released her, she would have been unable to escape from John C.
 {¶ 8} Sergeant Todd Temple testified at the adjudication hearing that Ashley and her mother came to the Norwalk Police Station after school on January 4, to file a complaint against John C. and appellant for accosting Ashley at school. Temple testified that he interviewed appellant and appellant's parents at the Norwalk Police Station on January 5, 2002. Temple further testified that the interview was recorded on videotape. At that point, the videotape was introduced into evidence and played for the trial court.
 {¶ 9} At the beginning of the recorded interview, Sergeant Temple was seen advising appellant and his parents of appellant's Miranda rights, after which appellant executed a written waiver of those rights and agreed to the interview. During the interview, appellant told Temple that he saw John C. lick Ashley's face, press himself against Ashley, and unzip her jacket. Appellant also stated that a teacher attempted to "break up" John C.'s actions against Ashley; however, John C. continued to bother Ashley after the teacher left. Eventually, appellant told Temple that, while John C. was licking Ashley's face, appellant circled Ashley from behind with his arms and "hugged" her for about "two seconds." Appellant denied licking Ashley's face. However, appellant stated that he may have accidentally touched Ashley's breasts while he was holding her. Appellant denied tripping and touching Ashley's breast as he fell. Appellant told Temple he was sorry for "hugging" Ashley, and he was aware that she did not want him to hold her. Appellant further stated that he knew he had done something wrong.
 {¶ 10} After the videotape was played, Temple testified that Ashley originally told him appellant had licked her face and tried to open her shirt; however, Ashley later stated that it was John C., not appellant, who did those things. Temple also testified that another witness originally corroborated Ashley's account that appellant tripped and grabbed her breast as he fell; however, by the time of the hearing, that witness had recanted his statement. Temple stated that appellant consistently denied doing anything to Ashley other than "hugging" her from behind.
 {¶ 11} At the close of the above testimony, the prosecution rested, and appellant made a motion for a directed verdict, which was denied. No testimony was presented on appellant's behalf.
 {¶ 12} On April 2, 2002, a judgment entry was journalized, in which the trial court found that the prosecution failed to meet its burden of proof as to the allegations of sexual misconduct. However, the trial court further found that "[i]t is clear beyond a reasonable doubt that Zachary did, without privilege to do so, unlawfully restrain Ashley of her freedom as alleged in the complaint." Accordingly, the trial court found that appellant is "delinquent contrary to R.C. 2905.03 of the offense of unlawful restraint * * * [and] not * * * delinquent of the allegations of delinquency contrary to R.C. 2907.06 alleging sexual imposition."
 {¶ 13} On April 22, 2002, a dispositional hearing was held, at which appellant was present with defense counsel and his parents. On April 22, 2002, a judgment entry was journalized, in which the trial court placed appellant on probation upon certain enumerated conditions that included drug and alcohol assessment and/or screening, a curfew, regular school attendance, and participation in individual and family counseling sessions. The court also ordered appellant to have no contact with John C. or Ashley F., and ordered appellant and/or his father to pay court costs of $287.90 and a fine in the amount of $125. A timely notice of appeal was filed.
 {¶ 14} Appellant asserts on appeal that the trial court's finding that he is delinquent is against the manifest weight of the evidence. In support thereof, appellant argues that the "state clearly failed to prove each and every element of the offense * * * [of] unlawful restraint."
 {¶ 15} In a delinquency proceeding, issues of proof must be determined beyond a reasonable doubt. Juv.R. 29(E). "Proof beyond a reasonable doubt" is defined as "proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." R.C. 2901.05(D).
 {¶ 16} We note initially that, although appellant asserts that the trial court's judgment was against the manifest weight of the evidence, he also argues that the evidence presented as to each element of the crime was insufficient to support a finding of delinquency. Since the legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different, we shall address them separately. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 17} The term "sufficiency of the evidence" refers to "that legal standard which is applied to determine whether the evidence is legally sufficient to support the [trier of fact's decision] as a matter of law." Thompkins, supra (other citation omitted). In a case involving sufficiency of the evidence, the relevant inquiry on appeal is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. If a defendant's conviction is reversed based upon the sufficiency of the evidence, the defendant goes free. Thompkins, supra at 387.
 {¶ 18} In this case, appellant was charged with delinquency contrary to R.C. 2905.03 which states, in relevant part:
 {¶ 19} "(A) No person, without privilege to do so, shall knowingly restrain another of his liberty. * * *"
 {¶ 20} As set forth above, evidence was presented at the adjudication hearing that appellant deliberately "hugged" Ashley from behind while John C. was licking her face, appellant knew he did not have Ashley's permission to put his arms around her, and Ashley did not believe she could escape from either appellant or John C. In addition, appellant stated that he believed what he did to Ashley was wrong.
 {¶ 21} Upon consideration of the foregoing, we find that sufficient evidence was presented from which, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime were proven beyond a reasonable doubt.
 {¶ 22} As to whether the trial court's finding of delinquency was against the manifest weight of the evidence, the Supreme Court of Ohio has held that weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other.State v. Thompkins, supra, at 387. In determining whether a conviction is against the manifest weight of the evidence, the appellate court functions as a "thirteenth juror" and either agrees of disagrees with the factfinder's resolution of the conflicting testimony. Id., citing Tibbsv. Florida (1982), 457 U.S. 31, 42.
 {¶ 23} To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
 {¶ 24} This court has considered the entire record of proceedings as set forth above, including a review of the transcript of the March 4, 2002 adjudication hearing and appellant's videotaped interview and, upon consideration thereof and the law, finds no indication that the trier of fact lost its way or created a manifest miscarriage of justice. Accordingly, the trial court's finding that appellant is delinquent contrary to R.C. 2905.03 of the offense of unlawful restraint was not against the manifest weight of the evidence. Appellant's sole assignment of error is not well-taken.
 {¶ 25} The judgment of the Huron County Court of Common Pleas, Juvenile Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Mark L.Pietrykowski, J., CONCUR.